## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

PHILLIP DWAYNE KENT           :       CIVIL ACTION NO. 2:16-CV-527
      REG. #22068-058                        SECTION P

VERSUS                             :       JUDGE MINALDI

BECKY CLAY,  WARDEN
FCI OAKDALE                     :       MAGISTRATE JUDGE KAY

### MEMORANDUM ORDER

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Phillip Dwayne Kent ("Kent"). Kent is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## I.
### BACKGROUND

A review of the information provided by Kent shows as follows:

- On July 12, 2006, he was indicted for violation of 18 U.S.C. § 924(c), unlawful use and carrying of a firearm in relation to a drug trafficking crime. Doc. 1, att. 1, p. 2;

- On August 15, 2006, he was arrested for a probation violation on state related charges and placed in custody at Buncombe County Jail in North Carolina. *Id.*;

- On August 31, 2006, he was indicted for violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine base, Schedule II. *Id.*;

- 1 -

- On September 14, 2006, there was a State probation revocation hearing. *Id.*;

- On September 29, 2006, petitioner was transferred from Buncombe County Jail to Buncombe County Correctional Center, a state prison facility. *Id.*;

- An inmate log from Burke County Sheriff's Office shows that on August 8, 2007, Kent was booked and assigned to a cell. *U.S. v. Kent*, 1:07-cr-63 (W.D. N.C.), doc. 113, att. 1, p. 20. Kent claims that he was placed in the custody of the U.S. Marshal Service and moved to a federal holding facility in Burke County, North Carolina. Doc. 1, att. 1, p. 2;

- On October 18, 2007, Kent pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base, and one count of unlawful use and carrying of a firearm in relation to a drug trafficking crime. *U.S. v. Kent*, 1:07-cr-63, doc. 107, p. 1;

- On March 28, 2008, Kent was sentenced in the Western District of North Carolina to 240 months imprisonment on Count One and 60 months imprisonment on Count Two, for a total of 300 months imprisonment. *Id.* at 1–2;

- An inmate log from Burke County Sheriff's Office states that on April 2, 2008, "Inmate Released . . . To Other Government For Fed Marshals [sic] . . . Transported By Feds to Doc." *Kent*, 1:07-cr-63, doc. 113, att. 1, p. 20;

- On April 23, 2008, Kent arrived at a federal facility in Atlanta, Georgia. *Id*. at 7;

- On April 8, 2014 and pursuant to a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, Kent was resentenced without application of the statutory mandatory minimum of 240 months imprisonment on Count One. *Kent*, 1:07-cr-63, doc. 107, p. 2. Included in the Judgment was the following recommendation to the Bureau of Prisons:

  > The defendant spent from 8/15/2006 to 8/8/2007 in state custody as a result of the offense for which sentence is imposed herein. This information is provided for the purpose of allowing the defendant such credit as he is entitled pursuant to 18 USC 3585.

  *Id.*

- On April 21, 2016, Kent filed the current application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Doc. 1.

- 2 -

Kent claims that he is entitled to credit on his federal sentence for the time served in prior custody from August 15, 2006, to August 8, 2007, and from August 9, 2007, to January 5, 2008. Doc. 1, att. 1, p. 1. He states that he was "in State/Federal custody for, among other offenses, 'Possession of a firearm by felon,' and 'Possession with intent to distribute a controlled substance,' the same relevant conduct in which he was . . . sentenced in the instant case by the United States . on 3/28/08 . . . ." *Id.* at 3. He contends that he is entitled to credit on his federal sentence as "this time has not been credited towards any other Federal sentence. . . ." *Id.* The basis for his contention is the aforementioned statement by the sentencing court, provided for the purpose of allowing Kent to receive eligible credit under 18 U.S.C. § 3585, that he spent from August 15, 2006, to August 8, 2007, in state custody as a result of the offense for which the sentence was imposed. Kent interprets the statement as "the clear intention of the Court for the Petitioner to receive credit for time served while in State custody for the same relevant conduct he was sentenced for in Federal Court on 3/28/08, essentially allowing the Petitioner's State sentence to run concurrently with his Federal sentence." *Id.* at 4.

Kent contends that, in order for him to receive the requested credit, the court must downwardly depart pursuant to § 5G1.3 of the Sentencing Guidelines. *Id.* The application of § 5G1.3 was considered and rejected by the sentencing court on January 15, 2015, when it denied Kent's motion to correct clerical error. *Kent*, 1:07-cr-63, doc. 107, pp. 3–4. Therein, the court stated, "There is, however, no clerical error in the Court's Judgment. Section 5G1.3 of the Sentencing Guidelines pertains to a situation where a defendant is sentenced while still being subject to an undischarged term of incarceration from some other matter. . . . When the Defendant was sentenced, however, the Defendant's state sentence had been discharged. [citation omitted]. Therefore, § 5G1.3 was not relevant to his sentence . . . ." *Id.*

Prior to filing the present motion, Kent filed a motion for jail credit with the sentencing court which denied same without prejudice on March 11, 2016. *Id.* at doc. 115. Therein, the court noted, "A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisons. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation." *Id.* at 1–2.

## II.
### LAW AND ANALYSIS

### A. *Exhaustion*

As noted by the sentencing court, Kent must first have exhausted the administrative remedies provided by the Bureau of Prisons before he can proceed in this court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990).

The documentation produced by Kent does not support a finding that he fully exhausted available administrative remedies through the Bureau of Prisons. Specifically, he produced an email dated August 20, 2015, from the Oakdale systems officer to the BOP operations manager at the Designations & Sentence Computation Center which noted that Kent was inquiring about a review of his jail credit based upon the statement by the sentencing court that he spent from August 15, 2006, to August 8, 2007, in state custody as a result of the offense for which sentence was imposed. Doc. 1, att. 2, p. 10. A response to the email was sent on August 20, 2015, and stated, "Pursuant to PS 5880.28, page 1 – 27, if the court makes a recommendation for a period of jail credit that is not authorized, BOP can treat it as surplus language and the credit will not be allowed. Additionally, a letter to the court is not required." Doc. 1, att. 2, p. 9.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or

- 4 -

where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. Prisoners may first seek informal review of an issue which relates to any aspect of their confinement. 28 C.F.R. § 542.13. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Director), and BP-11 (BOP General Counsel) form. *Id.* at §§ 542.14, 542.15. The BP-11 appeal "is the final administrative appeal." *Id.* at § 542.15(a). Only after this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

Kent should amend his petition to provide proof that he exhausted available administrative remedies or to show why he should be excused from this requirement.[1]

**B. BOP's Sentence Calculation**

Federal law provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." 18 U.S.C. § 3585(b). The Attorney General, through the BOP, "determines what credit, if any, will be awarded to the prisoner for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).

---

[1] The Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).  However, the PLRA does not apply to federal *habeas* proceedings. *Davis v. Fechtel*, 150 F.3d 486, 488 – 90 (5th Cir 1998). Nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds.

Documentation provided in the instant matter and in *Kent*, *supra*, indicates that the time in question was credited to Kent's state sentence. Kent admits that he was in state custody from August 15, 2006 (the date of his arrest on state charges) through January 5, 2008. Doc. 1, att. 1, p. 5. The Offender Information Report confirms that his state sentence began on September 14, 2006, (the date of his revocation hearing), and that he was released from state custody on January 5, 2008. *Kent*, 1:07-cr-63, doc. 113, att. 1, p. 17. The BOP Sentence Computation Sheet shows that his federal computation began on March 28, 2008 (the date that he was sentenced in federal court) but that he was given sentence credit from January 6, 2008 through March 27, 2008. *Id.* at 21

Kent should amend his petition to provide proof that the sentence credit he seeks was not credited to his state sentence.

### III.
### CONCLUSION

Accordingly,

IT IS ORDERED THAT Kent amend his petition within sixty (60) days of this order to provide:

> (1) Proof that he exhausted available administrative remedies prior to filing the instant suit. More specifically, he should provide copies of his local, regional, and national appeals along with the responses rejecting his appeals at **EACH** level; and

> (2) Documentation showing that the time claimed was not credited toward another sentence.

THUS DONE AND SIGNED in Chambers this 12th day of August, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE